

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

Gerald C. Mann
XXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Tom A. Craven
County Auditor
McLennan County
Waco, Texas

Dear Sir:

Opinion No. 0-5184
Re: Amendment of the county
budget.

Your letter of April 3, 1943, requesting the opinion of this department on certain questions stated therein with reference to an amendment of the county budget reads as follows:

"Article 689a-9 provides, among other things, that a county budget shall cover all proposed expenditures of the county government for the year being budgeted and shall also contain a complete financial statement of the county and shall include a statement of the funds available from all sources during the year budgeted. In compiling any budget covering a future period of time, it is, of course, necessary to make estimates both as to probable expenditures and revenues. Using past experiences as a guide, usually a county budget can be reasonably, accurately compiled. The amount of tax collections is not difficult to estimate correctly but fees of office charged for services rendered the public can not always be as accurately estimated. The demands for expenditures out of the Officers Salary Fund of a county are contingent, to a degree, on the volume of services rendered the public as reflected in the fee revenues. Article 689a-11 outlines the conditions under which a county budget may be amended. Would the collection of fees for the benefit of the Officers Salary Fund in excess of the amount estimated under the budget, become available for expenditures beyond those anticipated in the budget but necessary in connection with the efficient operation of the departments in the Officers Salary Fund Group?

"War conditions have brought about a number of changes
in our business economy--some of which might have been anti-
cipated several months ago and others which reasonably diligent
thought might have not revealed. Necessary living costs in some
areas have advanced more than might have been expected. This
is particularly true in counties such as McLennan County having
large increases in population due to war activities. Competition
affects labor and salary schedules. This does not necessarily
mean direct competition with governmental and defense agencies
but as the surplus man-power has been consumed by industry or
otherwise, operations outside those defined as essential to the
war effort must compete for the services of those yet available
for such operations. Because of these conditions, the depart-
mental officials of McLennan County contend they will be unable
to efficiently carry out the duties and functions of their respec-
tive departments during the remainder of 1943 without an increase
in salary allotments above those set out in the 1943 county budget.

"Would the contention of these departmental officials, if sub-
stantiated by them, justify an emergency amendment to the county
budget under the provisions for making such amendments as out-
lined in article 689a-11?"

On April 13, 1943, we wrote you requesting certain additional in-
formation relative to your request and in compliance with our request for addi-
tional information on April 21, 1943, you wrote us as follows:

"In reply to your letter of April 13th asking for additional
information relative to opinion request 0-5184, I shall make a few
general observations followed by more specific information.

"Supplementing the information given in paragraph 1 of my
letter of April 3rd, I wish to add that not only this year but frequently
we have situations arise under which conditions have changed since
budget making time which require an expansion of operations in a
given office beyond what was anticipated, or could have been antici-
pated, at the time the budget was made, and, in many instances, the
expansion of operations brings in additional revenues. In most of
these instances, the regular working personnel as anticipated under
the budget is unable to efficiently handle the work under the expanded

operation. As an example, of one of these situations, reference might be made to the fact that some twelve months ago the demand for birth certificates from the County Clerk multiplied several times. In McLennan County this additional work required two extra deputies to handle the situation efficiently. The increased work produced revenues not anticipated under the budget. Another situation would be a large increase in the number of poll taxes collected. The fees received by a county for collecting poll-taxes do not amount to enough to cover the expense of such collections and subsequent handling of the poll lists. These examples are submitted to show that we are sometimes confronted with a proposition of spending more for deputy hire than was anticipated under the budget but in spending that additional amount, increased revenues in the same office are produced. While on the other hand, we frequently have an expanded operation which does not produce sufficient additional revenues to cover the additional cost of the expansion. Again, we might have a surplus of increased revenues in one office of the Officers' Salary Group and a deficit caused by a necessary expanded program in another office of the same group. When application is made by a department head for additional deputies to meet some unexpected operation, the commissioners' court, almot invariably, calls attention to the fact that the expenditure would overdraw the budget.

"Although under the application we wish to make at the present time, the two questions asked in my letter of April 3rd are closely related, fundamentally, they are separate questions.

"As in most defense areas, war conditions have brought about conditions which I think are well known to you and which exist now in McLennan County under which it is difficult, if not almost impossible, to retain clerical personnel at the salary schedules of budget making time, July 1942. I am not so sure but what the commissioners' court could have, by diligent effort, foreseen this condition, but the fact remains that provision was not made in the budget for 1943 to meet such increased requirements. This question is whether or not a commissioners' court could legally amend a budget under such conditions to meet increased deputy hire and justify such amendment under the emergency provision as outlined in article 689A-11 ?

"The present salaries paid county officials are set at the maximum allowed by law and we, of course, wish to make no application of any theory that might be set out in your opinion to the compensation of these officials. We are familiar with the maximum compensation that can be paid deputies of county officials and know that under no circumstances could salaries to such deputies be raised legally beyond such maximums. Incidentally, however, the salaries of deputies of McLennan County officials, at present, are substantially below the maximums allowed under the statutes.

"One question is, would increased revenues beyond that anticipated in the budget justify the use of discretion by a commissioners' court in allowing increased expenditures beyond that anticipated in the budget to pay deputy hire, within the maximums allowed under the statutes necessary to efficiently operate a county department, assuming the official head of the county office is able to convince the court that his department cannot operate efficiently without such increased expenditures? The other question is whether or not when a county is unable to retain experienced personnel at the salary schedule set up in a budget, would an emergency amendment to the budget be justified under the provisions of article 689A-11?"

Article 689a-9, Vernon's Annotated Civil Statutes, provides for the preparation of the county budget.

Article 689a-10, Vernon's Annotated Civil Statutes, provides that when the budget for the county has been prepared and completed a copy of the same shall be filed with the clerk of the county court, available for the inspection of any taxpayer.

Article 689a-11, Vernon's Annotated Civil Statutes, reads in part as follows:

"The commissioners' court in each county shall each year provide for a public hearing on the county budget . . . which hearing shall take place on some date to be named by the commissioners' court subsequent to August 15 and prior to the levy of taxes by said commissioners' court. Public notice shall be given that

on said date of hearing the budget as prepared by the county judge
will be considered by the commissioners' court. Said notice shall
name the hour, the date and the place where the hearing shall be
conducted, any taxpayer of such county shall have the right to be
present and participate in said hearing. At the conclusion of the
hearing, the budget as prepared by the county judge shall be acted
upon by the commissioners' court. The court shall have authority
to make such changes in the budget as in their judgment the law
warrants and the interest of the taxpayers demand. When the bud-
get has been finally approved by the commissioners' court the bud-
get as approved by the court shall be filed with the clerk of the
county court, and taxes levied only in accordance therewith, and
no expenditure of the funds of the county shall thereafter be made except
in strict compliance with the budget as adopted by the court. Ex-
cept that emergency expenditures, and cases of grave public neces-
sity, to meet unusual and unforeseen conditions which could not, by
reasonable diligent thought and attention have been included in the
original budget, may from time to time be authorized by the court
as amendment to the original budget. In all cases where such amend-
ment to the original budget is made, a copy of the order of the court
amending the budget shall be filed with the clerk of the county court
and attached to the budget originally adopted."

Article 689a-20, Vernon's Annotated Civil Statutes, provides as
follows:

"Nothing contained in this Act shall be construed as preclud-
ing the Legislature from making changes in the budget for State
purposes or prevent the County Commissioners' Court from making
changes in the budget for county purposes or prevent the governing
body from making changes in the budget for school purposes; and
the duties required by virtue of this Act of State, County, City and
School Officers or Representatives shall be performed for the com-
pensation now provided by law to be paid said officers, respectively."

In construing the foregoing provision (Article 689a-20) this de-
partment has repeatedly held "we are of the opinion, upon considering the act
as a whole, that Section 20, quoted above, does not authorize the commission-
ers' court to make changes so as to increase the amount of the budget after

its final adoption except in cases of emergency. . . . We do not think it authorizes the commissioners' court to increase the budget after its adoption. To so hold, would destroy the very purpose of the Act." (See our opinion No. 0-1053 and an opinion written by Honorable Joe J. Alsup, Assistant Attorney General dated October 3, 1935.)

It is stated in our opinion No. 0-3146:

"The only way the county budget may be amended after its adoption is in strict compliance with the above statutory provision. This department has consistently ruled that whether a situation is one which can be classified as an emergency under the budget law so as to permit the commissioners' court to amend the budget, is a question of fact primarily to be passed upon by the commissioners' court. See Opinion 0-07, 0-1022, and 0-1728, Annual Opinion Reports of the Attorney General for 1939, pages 2, 274 and 455, respectively.

"The quoted statutory provision provides that no expenditure of the funds of the county shall be made after the budget is finally approved and filed with the clerk except in strict compliance with the adopted budget. An exception to the foregoing is made, however, as to 'emergency expenditures.'"

As we understand your letters, as quoted above, you desire our opinion on the questions presented in the last paragraph of your second letter.

Under the facts stated and in view of the foregoing authorities, you are advised that it is the opinion of this department that the commissioners' court of the county is unauthorized to make any expenditures of the funds of the county, except in strict compliance with the budget, except emergency expenditures in case of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonable diligent thought and attention, have been included in the original budget. Such emergency expenditures must be made in compliance with the proper amendment to the budget by the commissioners' court. Whether or not the situations presented in your inquiry are such as can be classified as a grave public necessity requiring emergency expenditures under the budget law so as to permit the commissioners' court

to amend the budget, is a question of fact primarily to be passed upon by the commissioners' court.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:db

APPROVED MAY 8, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion
Committee
By _____
Chairman